UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Allen Rheaume,

    Petitioner,

v.

                                                   Case No. 5:11-CV-72

Andrew Pallito, Susan Onderwyzer,
Jackie Kotkin, David Peebles,
Michele Young, Cullen Bullard,
Keith Tallon, Krista Prior,
Marshall Rich, Tom Rowden,
Sandra Olberg, Tammy Kennison,
Georgia Cummings, Jerri Brouillette,
Tammy Smith, Steve Hoke,
Anita Carbonell, Lynn Roberto,
Sue Ransom Kelly, Edward Holtrop,
and Heather Ward,

    Defendants.

## **REPORT AND RECOMMENDATION**
(Doc. 27)

Now before the court is Vermont inmate Allen Rheaume's motion for a temporary restraining order (TRO) and for a preliminary injunction. (Doc. 27.) The Complaint in this case, filed in March 2011, asserts essentially three claims: (1) a challenge to Mr. Rheaume's designation as a high risk sex offender, (2) an allegation that he was not released on Conditional Re-Entry when he was entitled to such release, and (3) that his rehabilitation programming requirements are excessive. The instant motion generally sets forth these same claims, and contends that Mr. Rheaume is entitled to preliminary

injunctive relief. Defendants are represented by Assistant Attorney General David McLean. Mr. Rheaume is representing himself.

The immediate question before the court is whether to proceed with Mr. Rheaume's motion for a TRO under Fed. R. Civ. P. 65(b). Rule 65(b) allows a court to issue "a temporary restraining order without written or oral notice to the adverse party or its attorney" so long as two preliminary conditions have been met. Fed. R. Civ. P. 65(b)(1). The first condition requires an affidavit or verified complaint that "clearly" shows "that immediate and irreparable injury, loss, or damage will result to the movant" before the adverse party can be heard. Fed. R. Civ. P. 65(b)(1)(A). The second requires certification from movant's counsel as to any efforts to provide notice, and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B).

"[T]he Rule 65(b) restrictions 'on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.'" *Reed v. Cleveland Bd. of Educ.*, 581 F.2d 570, 573 (6th Cir. 1978) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974)). Accordingly, "[t]he normal circumstance for which the district court would be justified in proceeding *ex parte* is where notice to the adverse party is impossible, as in the cases where the adverse party is unknown or is unable to be found." *First Tech. Safety Sys. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993) (citing *American Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984)). A court may also proceed *ex parte* where notice to the defendant would render the action fruitless, as in a case where

evidence would likely be destroyed, and where there is no "less drastic means of protecting the plaintiff's interest." *First Tech. Safety Sys.*, 11 F.3d at 650 (citing *In re Vuitton et Fils S.A.*, 606 F.2d 1 (2d Cir. 1979); *Paramount Pictures Corp. v. Doe 1*, 821 F. Supp. 82, 89 (E.D.N.Y. 1993); *American Can Co.*, 742 F.2d at 323)).

In this case, Mr. Rheaume has not satisfied the requirements of Rule 65(b)(1). Specifically, he has failed to provide an affidavit showing that "immediate and irreparable harm" will occur if an *ex parte* TRO is not granted. Fed. R. Civ. P. 65(b)(1)(A). Nor has he certified his efforts to notify opposing counsel or informed the court why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B). There is no indication that this is the sort of case where claims will be rendered "fruitless" if a TRO is not granted, or that a TRO is the least "drastic means of protecting" Mr. Rheaume's interests. *First Tech. Safety Sys.*, 11 F.3d at 650. I therefore recommend that the motion for a TRO (Doc. 27) be DENIED.

This recommendation is limited to the TRO-portion of Mr. Rheaume's motion. Accordingly, the court may still hear the substance of his motion for preliminary injunctive relief. The court also notes that Defendants have filed a motion to dismiss, and that Mr. Rheaume's opposition is due before the end of this month. All remaining motions will be decided, and if necessary, hearings will be scheduled, in due course.

Dated at Burlington, in the District of Vermont, this 8th day of July, 2011.

/s/ John M. Conroy            
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), 6(a), 6(d); L.R. 72(c). Failure to timely file such objections operates as a waiver of the right to appellate review of the District Court's adoption of such Report and Recommendation. *See* Fed. R. Civ. P. 72(a); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).