UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2011 DEC 30 AM 8: 18

CLERK
BY _PM_____
DEPUTY CLERK

| | |
|---|---|
| Allen Rheaume, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:11-cv-72 |
| ) | |
| Andrew Pallito, Susan Onderwyzer, ) | |
| Jackie Kotkin, David Peebles, ) | |
| Michele Young, Cullen Bullard, ) | |
| Keith Tallon, Krista Prior, ) | |
| Marshall Rich, Tom Rowden, ) | |
| Sandra Olberg, Tammy Kennison, ) | |
| Georgia Cummings, Jerri Brouillette, ) | |
| Tammy Smith, Steve Hoke, ) | |
| Anita Carbonell, Lynn Roberto, ) | |
| Sue Ramsom Kelly, Edward Holtrop, ) | |
| and Heather Ward, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Docs. 6, 37)

This matter came before the court for a review of the Magistrate Judge's November 28, 2011 Report and Recommendation (R & R) in the above-captioned matter (Doc. 37). Neither party has objected to the R & R, and the deadline for doing so has expired. In the R & R, the Magistrate Judge recommends granting in part and denying in part Defendants' motion to dismiss (Doc. 6). As they were not yet ripe, the R & R does not address Plaintiff Allen Rheaume's motions for a preliminary injunction and for declaratory relief (Docs. 27 & 28) although the Magistrate Judge ruled that Defendants must respond to those motions.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (1974).

Application of the foregoing standards to this case reveals that the R & R should be adopted and its recommendations followed. Mr. Rheaume, a self-represented Vermont inmate, brought this action alleging Defendants violated his constitutional rights by improperly classifying him as a sex offender without due process, by arbitrarily delaying his release on conditional re-entry, and by imposing upon him programming requirements that violate Vermont Department of Corrections ("VDOC") policies.

In his seventeen page R & R, the Magistrate Judge carefully reviewed the factual record and determined that pursuant to the Eleventh Amendment to the U.S. Constitution, all damages claims against the Defendants in their official capacity must be dismissed. *See Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002). The court thus hereby GRANTS Defendants' motion to dismiss all official capacity damages claims against them.

The Magistrate Judge further found that because VDOC's granting of furlough is wholly discretionary, *see* 28 V.S.A. § 808(a), Mr. Rheaume had failed to allege a protected liberty interest that could potentially give rise to a due process violation when he was denied release on conditional re-entry. The Magistrate Judge also concluded that

Mr. Rheaume had failed to identify a protected liberty interest in VDOC's programming requirements, noting that he was neither entitled to participate in such programs nor entitled to refuse to participate in such programming which occurs in accordance with VDOC's determination of an inmate's programming needs for a successful return to society. Accordingly, the Magistrate Judge recommended dismissing Mr. Rheaume's due process claims based upon the denial of his release and VDOC's programming requirements.

The Magistrate Judge, however, recommended that the court refuse to dismiss Mr. Rheaume's due process claims arising out of his classification as a "high risk" sex offender, noting that the law in this area is unsettled and that dismissal at this nascent stage in the proceedings was premature.

Finding the R & R's conclusions regarding Mr. Rheaume's due process claims well-reasoned, the court hereby GRANTS IN PART AND DENIES IN PART Defendants' motion to dismiss and DISMISSES Mr. Rheaume's due process claims to the extent they are based upon VDOC's denial of his release on conditional re-entry and VDOC's programming requirements.

Finally, the R & R recommends dismissing without prejudice Defendants Pallito, Onderwyzer, Kotkin, Peebles, Young, Bullard, Tallon, Prior, Rich, Rowden, Olberg, Kennison, Cummings, Carbonell, Holtrop, and Ward. As the Magistrate Judge correctly observed, none of these defendants is alleged to have participated in Mr. Rheaume's sex offender classification.[1] In the absence of plausible allegations of their personal involvement in the alleged constitutional deprivation, claims against these defendants must be dismissed. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) ("It is well settled in this Circuit that 'personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'")

---

[1] The Magistrate Judge pointed out that a liberal reading of Mr. Rheaume's Complaint supports a conclusion that it sufficiently alleges personal involvement in his sex offender classification by the remaining defendants.

3

(citation omitted). The court thus GRANTS Defendants' motion to dismiss these defendants and DISMISSES WITHOUT PREJUDICE Defendants Pallito, Onderwyzer, Kotkin, Peebles, Young, Bullard, Tallon, Prior, Rich, Rowden, Olberg, Kennison, Cummings, Carbonell, Holtrop, and Ward.

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R, and GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss (Doc. 6) in accordance with the rulings set forth herein.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 30th day of December, 2011.

Christina Reiss, Chief Judge
United States District Court