UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Allen Rheaume,

      Plaintiff,

    v.                                Civil Action No. 5:11-CV-72

Andrew Pallito, Susan Onderwyzer,
Jackie Kotkin, David Peebles,
Michele Young, Cullen Bullard,
Keith Tallon, Krista Prior,
Marshall Rich, Tom Rowden,
Sandra Olberg, Tammy Kennison,
Georgia Cummings, Jerri Brouillette,
Tammy Smith, Steve Hoke,
Anita Carbonell, Lynn Roberto,
Sue Ransom Kelly, Edward Holtrop,
and Heather Ward,

      Defendants.

## REPORT AND RECOMMENDATION
(Docs. 27 and 28)

Vermont inmate Allen Rheaume brings this action pursuant to 42 U.S.C. § 1983, claiming that the Vermont Department of Corrections ("DOC") has classified him as a high risk sex offender without proper notice or due process. Currently before the court are Mr. Rheaume's motions for a preliminary injunction and a declaratory judgment. (Docs. 27 and 28.)

Defendants oppose the motions, arguing that Mr. Rheaume has failed to show a likelihood of success on the merits. Defendants also argue that the court should refrain from taking action because Mr. Rheaume is pursuing parallel litigation in state court. Defendants are represented by Assistant Attorney General David McLean. Mr. Rheaume is representing

himself.  For the reasons set forth below, I recommend that Mr. Rheaume's motions be DENIED.

## Factual Background

Mr. Rheaume is currently serving a state court sentence for lewd and lascivious conduct.  A recent Vermont Supreme Court decision noted that he "is serving a life sentence as a habitual offender.  He has forty-eight convictions, five of which either involve sex crimes or have a sexual element.  He also has had sixty-three disciplinary report convictions while incarcerated."  *Rheaume v. Pallito*, 30 A.3d 1263, 1264 (Vt. 2011).

On July 24, 2007, DOC officials classified Mr. Rheaume as a high risk sex offender under 13 V.S.A. § 5411b.  Section 5411b states that "[t]he designation of high-risk under this section is for the purpose of identifying an offender as one who should be subject to increased public access to his or her status as a sex offender and related information, including Internet access."  13 V.S.A. § 5411b(a).  The statute requires "notice and an opportunity to be heard," and provides for a *de novo* appeal under Rule 75 of the Vermont Rules of Civil Procedure.  *Id.* at § 5411b(b).

Mr. Rheaume alleges that although the high risk designation was made in 2007, he was not notified of it until December 2009.  He also claims that the designation was not justified by his criminal record.  Finally, Mr. Rheaume contends that he has been wrongfully required to participate in certain programming.

Defendants dispute Mr. Rheaume's claim that he did not receive timely notice of his high risk sex offender designation.  For support, they cite a notification letter dated July 25, 2007.  The letter, which Mr. Rheaume himself has submitted as an exhibit, states that "[t]he Sex Offender Review Committee has reviewed your case and determined by the

preponderance of evidence that you meet the definition of high risk for the purpose of placement on the Sex Offender Registry." (Doc. 28-1 at 1.)  Page two of the letter contains Mr. Rheaume's acknowledgment of receipt dated August 3, 2007.  (Doc. 28-2 at 1.)  In his reply memorandum, Mr. Rheaume characterizes the letter and the accompanying acknowledgement of receipt as "a suspect document."  (Doc. 46 at 2.)

Mr. Rheaume is currently litigating these same issues in state court, and the question of timely notice has reached the Vermont Supreme Court.  In remanding for further proceedings, the Vermont Supreme Court noted "petitioner's dated signature on the notification letter," and further commented that Mr. Rheaume's claim – that he did not receive notice until December 2009 – is "somewhat difficult to harmonize with the fact that [he] filed his initial grievance contesting the designation on July 24, 2009." *Rheaume*, 30 A.3d at 1265.  The court also held that Vermont Rule of Civil Procedure 75 does not permit review of the DOC's programming requirements, as those requirements are "a matter of DOC discretion." *Id.* at 1266.

## Discussion

Mr. Rheaume's pending motions essentially seek a preliminary ruling on the merits of his claims, as well as immediate relief.  A preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).  A party seeking a preliminary injunction must prove "(1) irreparable harm and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party." *Monserrate v. New York State Senate*, 599 F.3d 148, 154 (2d Cir. 2010) (quotation marks and citation omitted).  "However,

3

a plaintiff cannot rely on the 'fair ground for litigation' alternative in challenging governmental action taken in the public interest pursuant to a statutory or regulatory scheme." *See id.* (internal quotation marks and citation omitted). This principle applies here, with Mr. Rheaume claiming that the DOC has acted wrongfully in classifying him as a high risk sex offender and requiring certain programming. Accordingly, to sustain his burden, he must establish a likelihood of success on the merits.

I.   **Abstention.**

Defendants submit that the court should abstain from "further consideration of this matter" because a state court is considering the same question in parallel litigation. (Doc. 44 at 6.) Because abstention could foreclose consideration of all other issues, I will address this question first.

Abstention is determined by the multi-factor test set forth by the U.S. Supreme Court in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-20 (1976), and reaffirmed in *Moses H. Cone Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 13-19 (1983). The Supreme Court has made clear that in applying the factors, the "balance [is] heavily weighted in favor of the exercise of [federal] jurisdiction." *Moses H. Cone Hosp.*, 460 U.S. at 16. This is due, in large part, to the "virtually unflagging obligation" of federal courts "to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817. Accordingly, a defendant seeking abstention faces a heavy burden. *See Sheerbonnet v. American Express Bank, Ltd.*, 17 F.3d 46, 49 (2d Cir. 1994).

Here, Defendants devote a single sentence in their opposition memorandum to the issue of abstention. (Doc. 44 at 6.) Neither party has addressed the multiple factors set forth by the United States Supreme Court, and most significantly, Defendants have not shown that

4

this case is so "extraordinary" as to qualify within the "narrow exception to the duty of a District Court to adjudicate the controversy properly before it." *Colorado River*, 424 U.S. at 814. I therefore recommend that the court not abstain from addressing the merits of Mr. Rheaume's motions at this time.

## II.    High Risk Sex Offender Designation.

### A.    Likelihood of Success on the Merits.

Mr. Rheaume's first series of claims pertain to his high risk sex offender designation. A fundamental question with regard to these claims is whether he received notice of the designation as required by statute.

The July 24, 2007 notification letter suggests that Mr. Rheaume did, in fact, receive proper notice, as evidenced by his signature on the letter's second page. (Doc. 28-1.) While Mr. Rheaume concedes that the second page of the letter contains his signature, he "swears under an oath he did not receive" the letter. (Doc. 46 at 2.) This statement, set forth in Mr. Rheaume's reply memorandum, is not sworn and is not accompanied by an affidavit. His statement therefore carries little weight in the calculus of his likelihood of success. *See, e.g., Lewis v. Johnston*, 2010 WL 1268024, at * 2 (N.D.N.Y. Apr. 1, 2010) (plaintiff's unsworn and conclusory submission does not constitute the type of proof or evidence that is required to support an application for preliminary injunctive relief); *Markowitz Jewelry Co., Inc. v. Chapal/Zenray, Inc.*, 988 F. Supp. 404, 407 (S.D.N.Y. 1997) ("testimonial evidence submitted in motions must be in the form of affidavits or declarations").

Indeed, the existence of the notification letter, complete with Mr. Rheaume's apparent acknowledgment of receipt, casts considerable doubt on the merits of his notice claim. The Vermont Supreme Court's question about the timing of his July 2009 grievance also calls

into question the strength of his claim.  Given these significant factual issues, the court should find that Mr. Rheaume has failed to show a likelihood of success on the merits, and his motion for preliminary injunctive relief (Doc. 27) should be DENIED.

### B. Programming.

Mr. Rheaume also seeks injunctive and declaratory relief with respect to his programming requirements.  His current motions, however, were filed before the court ruled on Defendants' motion to dismiss the programming claims.  (Docs. 37 and 40.)  In my Report and Recommendation, and Chief Judge Reiss's subsequent adoption of that Report and Recommendation, the court concluded that programming requirements do not involve a liberty interest, and that consequently, Defendants did not deprive Mr. Rheaume of any due process rights.  (Doc. 37 at 12); (Doc. 40 at 3.)  In light of those prior rulings, the court should now deny Mr. Rheaume's request for preliminary relief with respect to the DOC's programming requirements.

### C. Declaratory Relief.

Finally, as to Plaintiff's request for preliminary declaratory relief, it is not entirely clear that such relief is ever available.  *See Original Great Am. Choc. Chip Cookie Co., Inc. v. River Valley Cookies, Ltd.*, 970 F.2d 273, 276 (7th Cir. 1992) (noting conflicting lower court authority as to whether "there is such a creature" as a "preliminary declaratory judgment," but finding it unnecessary to decide the issue); *but see Disabled in Action of Pennsylvania v. Southeastern Pennsylvania Transp. Auth.*, 539 F.3d 199, 215 (3d Cir. 2008).  Assuming such relief is available, the same standard applies as to motions for preliminary injunctive relief.  *See Murray v. New York*, 604 F. Supp. 2d 581, 587 (W.D.N.Y. 2009) (citing *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Doe*, 868 F. Supp. 532, 535-36

(S.D.N.Y. 1994)).  Having applied that standard above, I recommend that Mr. Rheaume's motion for a declaratory judgment (Doc. 28) also be DENIED.

## Conclusion

For the reasons set forth above, I recommend that Mr. Rheaume's motion for a preliminary injunction (Doc. 27) and a declaratory judgment (Doc. 28) be DENIED.

Dated at Burlington, in the District of Vermont, this 7th day of February, 2012.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), 6(a), 6(d); L.R. 72(c).  Failure to timely file such objections operates as a waiver of the right to appellate review of the District Court's adoption of such Report and Recommendation.  *See Fed. R. Civ. P. 72(a); Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).