U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2012 MAR -8 PM 4: 27

CLERK
BY ℔
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Allen Rheaume, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Andrew Pallito, Susan Onderwyzer, )<br>Jackie Kotkin, David Peebles, )<br>Michele Young, Cullen Bullard, )<br>Keith Tallon, Krista Prior, )<br>Marshall Rich, Tom Rowden, )<br>Sandra Olberg, Tammy Kennison, )<br>Georgia Cummings, Jerri Brouillette, )<br>Tammy Smith, Steve Hoke, )<br>Anita Carbonell, Lynn Roberto, )<br>Sue Ramsom Kelly, Edward Holtrop, )<br>and Heather Ward, )<br>)<br>Defendants. ) | Case No. 5:11-cv-72 |

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Docs. 27, 28, 52)

This matter came before the court for a review of the Magistrate Judge's February 7, 2012 Report and Recommendation ("R & R") in the above-captioned matter (Doc. 52). Neither party has objected to the R & R, and the deadline for doing so has expired. In the R & R, the Magistrate Judge recommends denying Plaintiff Allen Rheaume's motions for preliminary injunction and for declaratory judgment (Docs. 27 & 28) on the grounds that Mr. Rheaume has failed to demonstrate his entitlement to the requested relief.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir.

1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (1974).

Application of the foregoing standards to this case reveals that the R & R should be adopted and its recommendations followed.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). In *Winter*, the Supreme Court articulated the applicable standard for granting such relief:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

*Id.* at 20 (citations omitted). Preliminary declaratory relief, if it exists, is subject to the same stringent standard. *See Murray v. New York*, 604 F. Supp. 2d 581, 587 (W.D.N.Y. 2009).

As the Magistrate Judge pointed out, Plaintiff Rheaume has failed to demonstrate a likelihood of success on the merits. Moreover, Plaintiff Rheaume is litigating the same claims he brings here in a pending state court action. This underscores the conclusion that Plaintiff Rheaume will not suffer irreparable harm if his request for an "extraordinary remedy" is denied by this court as he is actively pursuing his remedies elsewhere. The court thus agrees with the Magistrate Judge that Plaintiff Rheaume has failed to establish his entitlement to preliminary injunctive and declaratory relief.

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R, and DENIES Plaintiff's motion for preliminary injunction and motion for declaratory judgment (Docs 27 & 28).
SO ORDERED.

Dated at Rutland, in the District of Vermont, this 8th day of March, 2012.

Christina Reiss, Chief Judge
United States District Court