UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Allen Rheaume,

  Plaintiff,

  v.                   Civil Action No. 5:11-CV-72

Andrew Pallito, Susan Onderwyzer,
Jackie Kotkin, David Peebles,
Michele Young, Cullen Bullard,
Keith Tallon, Krista Prior,
Marshall Rich, Tom Rowden,
Sandra Olberg, Tammy Kennison,
Georgia Cummings, Jerri Brouillette,
Tammy Smith, Steve Hoke,
Anita Carbonell, Lynn Roberto,
Sue Ransom Kelly, Edward Holtrop,
and Heather Ward,

  Defendants.

## **REPORT AND RECOMMENDATION**
(Docs. 43, 48 and 54)

Plaintiff Allen Rheaume, a Vermont inmate, brings this action claiming that Defendants have violated his constitutional rights. Specifically, Mr. Rheaume contends that he was improperly classified as a sex offender without proper notice or due process; that his release on conditional re-entry has been arbitrarily delayed; and that his programming requirements violate Vermont Department of Corrections ("DOC") policies. He brings his claims under the Due Process Clause, the Eighth Amendment, the Equal Protection Clause, and the Vermont Constitution.

Defendants now move to dismiss Mr. Rheaume's Eighth Amendment and Equal Protection claims, arguing that his allegations are not sufficient to state a plausible claim for relief. Also pending before the court are Mr. Rheaume's motion to amend his Complaint, motion to compel discovery, and motion for appointment of counsel. Defendants are represented by Vermont Assistant Attorney General David McLean. Mr. Rheaume is representing himself.

## Factual Background

Mr. Rheaume is currently serving a state court sentence for lewd and lascivious conduct. A recent Vermont Supreme Court decision involving Mr. Rheaume noted that he "is serving a life sentence as a habitual offender. He has forty-eight convictions, five of which either involve sex crimes or have a sexual element. He also has had sixty-three disciplinary report convictions while incarcerated." *Rheaume v. Pallito*, 2011 WL 2585977, at *1 (Vt. July 1, 2011).

On July 24, 2007, DOC officials classified Mr. Rheaume as a high risk sex offender under 13 V.S.A. § 5411b. Section 5411b states that "[t]he designation of high-risk under this section is for the purpose of identifying an offender as one who should be subject to increased public access to his or her status as a sex offender and related information, including Internet access." 13 V.S.A. § 5411b(a). The statute requires "notice and an opportunity to be heard," and provides for a *de novo* appeal under Rule 75 of the Vermont Rules of Civil Procedure. *Id.* at § 5411b(b).

Mr. Rheaume alleges that although the high risk designation was made in 2007, he was not notified of it until December 2009. He now alleges that the designation was

made without notice or due process, and was based upon false and inaccurate information. He also claims that his most recent offense does not qualify for a high risk sex offender designation.

Mr. Rheaume further alleges that in March 2009, the DOC required him to participate in Cognitive Self Change and sex abuser treatment programs before it would consider him for release on furlough (conditional re-entry). Mr. Rheaume argues that his underlying conviction did not warrant this change in his programming. He also claims that DOC officials failed to provide any justification for the change until shortly after a state court discovery conference, at which time they cited his criminal and disciplinary histories.

Mr. Rheaume submits that in designating him as a high risk sex offender, Defendants violated his Eighth and Fourteenth Amendment rights, as well as Chapter I, Article 10 of the Vermont Constitution. With respect to his programming requirements, he alleges that certain Defendants acted "arbitrarily," and that they again violated his rights under the Eighth and Fourteenth Amendments, and Chapter I, Article 10 of the Vermont Constitution. In one of his legal memoranda (Doc. 33), Mr. Rheaume references a potential equal protection claim. The Complaint seeks compensatory damages in the amount of $250,000, as well as $250,000 in punitive damages.

## Procedural Background

On June 21, 2011, Defendants filed a motion to dismiss. The court granted the motion in part, dismissing all claims for damages against Defendants in their official capacities pursuant to the Eleventh Amendment. The court also dismissed Mr.

3

Rheaume's due process claim pertaining to his allegation that he had been denied release on furlough, and his due process claim pertaining to programming. The court further dismissed claims against several Defendants for lack of personal involvement.

The court denied Defendants' motion to dismiss Mr. Rheaume's due process claim with respect to his sex offender designation. Because the motion to dismiss did not address any of the claims brought under the Eighth Amendment, the Equal Protection Clause, or the Vermont Constitution, those claims also remain in the case. Defendants now move to dismiss the Eighth Amendment and equal protection claims.

Also before the court are three motions filed by Mr. Rheaume. The first seeks to amend the Complaint to add several new claims, including another Eighth Amendment claim and a due process claim regarding his right to parole. The second motion asks for an order compelling the production of discovery responses. The third requests the appointment of *pro bono* counsel.

## Discussion

I. **Defendants' Motion to Dismiss**

   A. **Legal Standard**

The court will first address Defendants' motion to dismiss, which is filed pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2). In *Iqbal*, the Supreme Court set forth a "two-pronged" approach for

analyzing a Rule 12(b)(6) motion to dismiss. 556 U.S. at 679. First, a court must accept a plaintiff's factual allegations as true and draw all reasonable inferences from those allegations in the plaintiff's favor. *Id.* at 678. This assumption of truth does not apply to legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Second, a court must determine whether the Complaint's "well-pleaded factual allegations . . . plausibly give rise to an entitlement to relief." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556-57). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

The court notes that neither *Iqbal* nor *Twombly* impose "heightened" pleading standards. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119-21 (2d Cir. 2010) (rejecting a "heightened pleading standard" under *Iqbal/Twombly* and also rejecting the "contention that *Twombly* and *Iqbal* require the pleading of specific evidence or extra facts beyond what is needed to make the claim plausible."). Also, a *pro se* litigant's submissions are held to "less stringent standards than [those] drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Courts must therefore "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions 'to raise the strongest arguments they suggest.'" *Berlin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). This guidance

5

applies with particular force when a plaintiff's civil rights are at issue. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004).

### B. Eighth Amendment Claim

Mr. Rheaume alleges that Defendants' various actions violated his rights under the Eighth Amendment. The Eighth Amendment's prohibition against cruel and unusual punishment requires prison conditions to be "humane," though not necessarily "comfortable." *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001) (internal quotation marks omitted) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), and *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). "To establish an Eighth Amendment violation, an inmate must show: '(1) a deprivation that is objectively, sufficiently serious that he was denied the minimal civilized measure of life's necessities[;] and (2) a sufficiently culpable state of mind on the part of the defendant official, such as deliberate indifference to inmate health or safety.'" *Jabbar v. Fischer*, 2012 WL 2359639, at *2 (2d Cir. June 21, 2012) (quoting *Gaston*, 249 F.3d at 164).

With respect to the objective element, "[t]he conditions themselves must be evaluated in light of contemporary standards of decency." *Blissett v. Coughlin*, 66 F.3d 531, 537 (2d Cir. 1995) (citing *Rhodes*, 452 U.S. at 346). The Second Circuit has held that "prisoners may not be deprived of their basic human needs – e.g., food, clothing, shelter, medical care, and reasonable safety – and they may not be exposed to conditions that pose an unreasonable risk of serious damage to [their] future health." *Jabbar*, 2012 WL 2359639, at *2. As to the subjective requirement, deliberate indifference requires "more than mere negligence." *Farmer*, 511 U.S. at 835. The prison official must know

of, and disregard, an excessive risk to inmate health or safety. *Id.* at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not . . . [cannot] be condemned as the infliction of punishment." *Id.* at 838.

Mr. Rheaume first alleges that Defendants Brouillette, Smith, and Hoke violated his Eighth Amendment rights when they designated him as a high risk sex offender. He also alleges that the sex offender designation violated his rights under the Fourteenth Amendment (due process) and the Vermont Constitution. With respect to the Eighth Amendment claim, it is not clear how Mr. Rheaume's designation as a sex offender impacted the provision of "basic human needs." *See Helling v. McKinney*, 509 U.S. 25, 32 (1993). Reading his *pro se* Complaint liberally, he may be alleging that because the sex offender designation rendered him ineligible for release until 2038, the result was cruel and unusual. The court notes, however, that Mr. Rheaume is not challenging the constitutionality of his maximum sentence, which presumably expires in 2038. Instead, he appears to be challenging the fact that he will not be eligible for any sort of release – including conditional release – until prior to that date. (Doc. 5 at 4.)

It has been held that detention *beyond* the expiration of a maximum prison sentence may constitute an Eighth Amendment violation. *See, e.g., Sample v. Diecks*, 885 F.2d 1099, 1108 (3rd Cir. 1989). Again, Mr. Rheaume is not challenging his underlying sentence. Nor does he claim that detention through 2038 would be disproportionate in light of his underlying conviction. Even if he were to present such challenges, "outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." *See Ewing v.*

7

*California*, 528 U.S. 11, 23 (2003) (rejecting Eighth Amendment challenge to 25-year sentence for theft of golf clubs worth $1,200); *see also Rummel v. Estelle*, 445 U.S. 263, 265 (1980) (upholding a sentence of life with the possibility of parole for a defendant's third nonviolent felony, the crime of obtaining money by false pretenses).

Furthermore, there is no allegation that the responsible Defendants were aware of any potential impact on his release date. The Complaint alleges that Defendants Brouillette, Hoke, and Smith invoked the high risk sex offender designation. It was Defendant Holtrop, however, who informed Mr. Rheaume that he "would not be eligible for programming and release until the year of 2038." (Doc. 5 at 5.) Accordingly, and assuming for the sake of argument that serving his maximum sentence would somehow violate Mr. Rheaume's Eighth Amendment rights, there is no allegation that Defendants acted with "a sufficiently culpable state of mind." *Gaston*, 249 F.3d at 164. I therefore recommend that the Eighth Amendment claim pertaining to Mr. Rheaume's designation as a high risk sex offender be DISMISSED.

Mr. Rheaume further contends that, in the course of requiring him to participate in Cognitive Self Change and sex abuser treatment programs, Defendants altered his classification to one that is not justified by his underlying conviction. He also claims that the change in classification delayed his release date. Again, it is not clear how these actions deprived Mr. Rheaume of the basic human needs required by the Eighth Amendment. Nor are there any allegations that Defendants acted with deliberate indifference to a risk of health or safety. *See, e.g., Wright v. Krom*, 2011 WL 4526405, at *3 (S.D.N.Y. Sept. 29, 2011 ) (holding that plaintiff's classification as a sex offender, and

resulting placement in particular housing, did "not raise an Eighth Amendment violation absent a showing of the deprivation of essential individual liberties"); *Hollman v. Bartlett*, 2011 WL 4382191, at *14 (E.D.N.Y. Aug. 26, 2011) (holding that "Plaintiff's proposed allegations that his alleged change in custody classification and his failure to secure a furlough violated his Eighth Amendment rights are also futile because these claims do not constitute 'objectively, sufficiently serious conduct' necessary to support the first prong of an Eighth Amendment violation." (citations omitted)). Accordingly, Mr. Rheaume's remaining Eighth Amendment claims, including related claims of supervisory liability brought against former DOC Commissioner Andrew Pallito, should also be DISMISSED.

### C. Equal Protection Claim

In response to Defendants' previous motion to dismiss, Mr. Rheaume submitted that his designation as a high risk sex offender violated his "equal protection rights under the . . . Fourteenth Amendment of the United States Constitution." (Doc. 33 at 9.) The court subsequently noted Mr. Rheaume's potential assertion of an equal protection claim, and Defendants now move to dismiss any such claim.

The Equal Protection Clause protects prisoners from invidious discrimination. "The provision does not require identical treatment for each individual; rather it requires that similarly situated persons be treated the same." *Riddick v. Arnone*, 2012 WL 2716355, at *3 (D. Conn. July 9, 2012) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439-40 (1985)). To prevail on an equal protection claim, Mr. Rheaume must prove that he was treated differently from other similarly situated individuals, and

9

that such treatment was based upon "'impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000) (quoting *LeClair v. Saunders*, 627 F.2d 606, 609-10 (2d Cir. 1980)). He may also assert a "class of one" theory, which would require (1) an allegation that he has been intentionally treated differently from others similarly situated, and (2) an allegation that there is no rational basis for the difference in treatment. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Mr. Rheaume's filings in this case do not set forth any facts to support an equal protection claim. Specifically, he does not claim that he was subjected to different treatment on the basis of "impermissible considerations." *Diesel*, 232 F.3d at 103. Nor does he assert that he has been treated differently from other inmates with similar criminal and disciplinary records. Moreover, there is no allegation, under a potential "class of one" theory, that designating Mr. Rheaume as a high risk sex offender lacked a rational basis. *See Olech*, 528 U.S. at 564; *see also United States v. Juvenile Male*, 670 F.3d 999, 1009 (9th Cir. 2012) (concluding that sex offender registry requirement did not violate equal protection because "protecting our communities is a legitimate legislative purpose"). Indeed, Mr. Rheaume's entire equal protection claim, asserted amidst a string of other alleged constitutional violations, is precisely the sort of "threadbare recital" that the Supreme Court has deemed insufficient. *See Iqbal*, 556 U.S. at 678. Accordingly, and to the extent that Mr. Rheaume is asserting an equal protection claim, I recommend

that the claim be DISMISSED, and that Defendants' motion to dismiss (Doc. 43) be GRANTED in its entirety.

## II. Mr. Rheaume's Motion to Amend His Complaint

Mr. Rheaume has filed a motion to amend his Complaint, as well as a First Amended Complaint. (Docs. 48 and 55.) The First Amended Complaint was filed without leave of the court. The motion to amend is unopposed.

The proposed amendments seek to add the following factual claim:

> 18.5 The plaintiff's STATIC 99 and RRASOR coding form score was changed by Defendant Georgia Cumming on the date of July 19, 2007.

(Doc. 48-1 at 2.) Mr. Rheaume explains elsewhere in his filings that these scores are used as part of a sex offender assessment. (Doc. 33 at 3.) He further proposes to amend Count II of the Complaint to state that the alleged change in his "score" violated his rights under the Eighth and Fourteenth Amendments, as well as the Vermont Constitution. He also asserts that the change "has denied plaintiff a right to a correct treatment program and a right to treatment pursuant to Title 28 VSA [sic] Chapter 11 Section 903." (Doc. 48-1 at 2.) Finally, Mr. Rheaume claims that Defendants' conduct has "denied the plaintiff a liberty interest right to parole under the Fourteenth Amendment of the United States Constitution and Chapter I Article 10 of the Vermont Constitution." (*Id.*)

Under Rule 15(a) of the Federal Rules of Civil Procedure, once the time for amending a pleading as of right has expired, a party may request leave of the court to amend, which "[t]he court should freely give when justice so requires." Fed. R. Civ. P.

15(a)(2). If the underlying facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief, the party should be afforded the opportunity to test the claim on its merits. *See United States ex rel. Maritime Admin. v. Cont'l Ill. Nat'l Bank and Trust Co. of Chi.*, 889 F.2d 1248, 1254 (2d Cir. 1989). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). If the amendment proposed by the moving party is futile, however, "it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

For reasons discussed above, Mr. Rheaume's allegations in the initial Complaint, including his claims regarding his sex offender designation, fail to state a claim for relief under the Eighth Amendment. This same analysis applies to the proposed amendment, as the mere fact that a score was changed, and consequently his sex offender status altered, does not constitute cruel and unusual punishment. Nor is there any allegation of deliberate indifference. I therefore recommend that the proposed Eighth Amendment claim be DENIED as futile.

Mr. Rheaume also seeks to add a claim regarding his alleged liberty interest in parole. In general, inmates do not have a constitutional right to be released on parole. *See Boothe v. Hammock*, 605 F.2d 661, 664 (2d Cir. 1979) (holding that there is no constitutionally protected expectation of parole that entitles inmates to due process safeguards); *see also Greenholtz v. Inmates of Neb. Penal & Corr, Complex*, 442 U.S. 1, 7 (1979) (holding that there is no federal constitutional or statutory right to parole). As explained by the Second Circuit, "[n]either the mere possibility of release, nor a statistical probability of release gives rise to a legitimate expectation of release on parole." *Barna v. Travis*, 239 F.3d at 169, 171 (2d Cir. 2001). "In order for a state prisoner to have an interest in parole that is protected by the Due Process Clause, he must have a legitimate expectancy of release that is grounded in the state's statutory scheme." *Id.* at 170.

For support, Mr. Rheaume cites *Berard v. Vermont Parole Bd.*, 730 F.2d 71 (2d Cir. 1984). His reliance on *Berard* is misplaced, however, as *Berard* held that the plaintiff did "not have a legitimate expectation of release on parole warranting due process protection" under Vermont's statutory scheme. 730 F.2d at 75. Notwithstanding the ruling in *Berard*, the parties have not addressed the application of Vermont's parole statute to *this* case. Given that a statutory scheme could potentially create a liberty interest, *see Barna*, 239 F.3d at 170, the court should not dismiss Mr. Rheaume's claim as futile at this time.

Similarly, there has been no briefing on the question of whether the denial of a "correct treatment" plan violates state law, as Mr. Rheaume alleges. I therefore

13

recommend that Mr. Rheaume's unopposed motion to amend his Complaint (Doc. 48) be DENIED with respect to his proposed Eighth Amendment claim, and that the motion be otherwise GRANTED.

### III. Mr. Rheaume's Motion for Appointment of Counsel

Mr. Rheaume has also filed a motion for appointment of counsel. His motion argues: that he cannot afford an attorney; that "[s]ome of the issues in this case are more complex than plaintiff can handle;" that he has no trial experience; and that his education is limited. (Doc. 54.) Mr. Rheaume also reports that he has contacted several attorneys, none of whom have offered to provide representation.

There is no constitutional right to appointed counsel in civil cases. *See Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011). However, 28 U.S.C. § 1915(e)(1) authorizes a district court to "request an attorney to represent any person unable to afford counsel." The factors to be considered in deciding whether or not to assign counsel include the following: (1) whether the indigent's claims seem likely to be of substance; (2) whether the indigent is able to investigate the crucial facts concerning his claim; (3) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) whether the legal issues involved are complex; and (5) whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)); *see also Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997).

The court must consider the issue of appointment of counsel carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [the plaintiff's] chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

Mr. Rheaume has not yet demonstrated that his claims have sufficient merit to warrant the appointment of counsel. Several of his claims, and several Defendants, have already been dismissed. The merits of his other claims, including state law claims, have not yet been developed. It is therefore difficult for the court to conclude that the claims in this case require the appointment of *pro bono* counsel.

Even assuming sufficiently meritorious claims, Mr. Rheaume has failed to show that his case is complex, that conflicting evidence will be presented, or that he will be unable to investigate and pursue his claims without the assistance of counsel. The facts of the case appear to focus on discrete events, many of which are well-documented, and all of which occurred within the confines of DOC correctional facilities. Moreover, the legal standards applicable to Mr. Rheaume's claim, including his due process claims, are well defined. Finally, there is no indication that appointment of counsel will be more

likely to lead to a more just result.  *Hodge*, 802 F.2d at 61.  The motion for appointment of counsel (Doc. 54) is therefore DENIED without prejudice.

## IV.     Mr. Rheaume's Motion to Compel

The final motion pending before the court is Mr. Rheaume's motion to compel responses to his first request for production of documents.  (Doc. 49.)  Pursuant to Local Rule 26(d), Mr. Rheaume has filed a certification of his efforts to resolve the matter in good faith, and a copy of his document request.  He has also submitted a supporting memorandum.  Defendants have not responded to the motion.

Defendants shall respond to Mr. Rheaume's motion on or before July 27, 2012.  If no response is filed, the court will consider granting the motion to compel.

## Conclusion

For the reasons set forth above, I recommend that Defendants' motion to dismiss (Doc. 43) be GRANTED, and that Mr. Rheaume's Eighth Amendment and equal protection claims be DISMISSED.  I further recommend that Mr. Rheaume's motion to amend his Complaint (Doc. 48) be DENIED with respect to his proposed Eighth Amendment claim, and otherwise GRANTED.  A First Amended Complaint has already been filed, and if the court accepts this Report and Recommendation, Defendants should be required to file a response to the First Amended Complaint within fourteen (14) days of the court's order.

Mr. Rheaume's motion for appointment of counsel (Doc. 54) is DENIED without prejudice, and Defendants shall file a response to his motion to compel (Doc. 49) on or before July 27, 2012.

Dated at Burlington, in the District of Vermont, this 13th day of July, 2012.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge


Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), 6(a), 6(d); L.R. 72(c). Failure to timely file such objections operates as a waiver of the right to appellate review of the District Court's adoption of such Report and Recommendation. *See Fed. R. Civ. P. 72(a); Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).