UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Allen Rheaume,

    Plaintiff,

    v.                                                                Civil Action No. 5:11-cv-72

Andrew Pallito, Susan Onderwyzer,
Jackie Kotkin, David Peebles,
Michele Young, Cullen Bullard,
Keith Tallon, Krista Prior,
Marshall Rich, Tom Rowden,
Sandra Olberg, Tammy Kennison,
Georgia Cummings, Jerri Brouillette,
Tammy Smith, Steve Hoke,
Anita Carbonell, Lynn Roberto,
Sue Ramson Kelly, Edward Holtrop,
Heather Ward,

    Defendants.

## REPORT AND RECOMMENDATION
(Doc. 159)

Plaintiff Allen Rheaume, a Vermont inmate, brought this action under 42 U.S.C. § 1983, claiming that Defendants violated his constitutional rights. Specifically, Rheaume contended in his Amended Complaint (Doc. 55) that he was classified as a high-risk sex offender without proper notice or due process; that his release on conditional reentry was arbitrarily delayed; that his programming requirements violate Vermont Department of Corrections (DOC) policies; and that Defendants denied him a "correct treatment program" and a liberty interest in parole (Doc. 55 at 8, ¶ 32). He

brought federal claims under the Due Process Clause of the Fourteenth Amendment, the Eighth Amendment, and the Equal Protection Clause; his state-law claims arise under the Vermont Constitution and Vermont statutory law. The Amended Complaint sought compensatory damages in the amount of $250,000, as well as $250,000 in punitive damages. (Doc. 55 at 9.)

Currently pending is Rheaume's Rule 60(b) "Motion for Relief from Judgment and a Replacement Copy of this Civil File Case." (Doc. 159.) Rheaume argues that the court should relieve him of the Judgment dated January 29, 2014 (Doc. 148), which the court entered upon Rheaume's own Motion to Dismiss (Doc. 146). According to Rheaume, his decision to file the Motion to Dismiss was not rational, and the court should grant him relief from that judgment—as well as a copy of the record in this case—so that he can respond to the January 13, 2014 Report and Recommendation (Doc. 145) that was pending at the time Rheaume filed his Motion to Dismiss.

Defendants oppose Rheaume's Rule 60(b) Motion, arguing that relief under Rule 60(b) is not warranted. (Doc. 163.) Rheaume filed a Reply on April 9, 2014. (Doc. 164.) For the reasons that follow, I recommend that Rheaume's "Motion for Relief from Judgment and a Replacement Copy of this Civil File Case" (Doc. 159) be DENIED.

## **Background**

The background relevant to the pending Motion consists mainly of this case's procedural history, as well as allegations in a declaration filed by Rheaume pursuant to 28 U.S.C. § 1746. (*See* Doc. 159-2.) On January 13, 2014, I issued a Report and Recommendation (R&R) in which I recommended, among other things, that Rheaume's

Motion for Summary Judgment (Doc. 129) be denied, and that Defendants' Cross-Motion for Summary Judgment (Doc. 134) be granted. (*See* Doc. 145 at 22.) The R&R stated that objections were due within 14 days after service. (*Id.*)

At the time that the R&R was filed, Rheaume was at the Lee Adjustment Center (LAC), which was on "emergency lockdown" for the months of January and February 2014. (Doc. 159-2 at 2.) In addition, Rheaume was being held in segregation: initially in disciplinary segregation for seven days for fighting; then in administrative segregation for "no apparent reasons," according to Rheaume. (*Id.*) Rheaume had been told in December 2013 that he would be held in "closed custody for 6 months." (*Id.*) Due to Rheaume's segregation and the emergency lockdown, he had no access to legal research materials, a typewriter, or legal assistants in the law library, who were also in lockdown. (*Id.*)

According to Rheaume, when he received the R&R, he did not know what to do. (*Id.* at 3.) His mental health "wasn't exactly the greatest after being locked down for two months in segregation." (*Id.*) Reasoning that he would be in segregation for another four months, and that he was not able to do the legal research necessary to file an objection to the R&R, Rheaume chose to dismiss the case. (*Id.*) In retrospect, Rheaume realizes that that decision was not "rational" and that he should have filed a motion for an extension of time to respond to the R&R. (*Id.*)

On January 27, 2014—shortly before the deadline for filing objections to the R&R—Rheaume filed a one-page handwritten "Motion to Dismiss," dated January 21, 2014 and stating: "Now comes Allen Rheaume Plaintiff and dismisses the above entitled

3

matter." (Doc. 146 at 1.) The court granted Rheaume's Motion to Dismiss—essentially a Rule 41(a)(2) voluntary dismissal—in a text order dated January 27, 2014. (Doc. 147). The text order made no mention of dismissing the case with prejudice. (*See id.*) The court entered a Judgment dismissing the case on January 28, 2014. (Doc. 148.)

On February 10, 2014, Rheaume was transferred from LAC to the Southern State Correctional Facility (SSCF), where, according to Rheaume, he regained access to legal research and writing materials. (*See* Doc. 159-2 at 3.) In mid-February 2014, he filed a handwritten Notice of Change of Address reflecting his move to SSCF. (Doc. 150.) Also in mid-February he filed several handwritten Notices of Appeal. (*See* Docs. 149, 151, 152.) On March 14, 2014, Rheaume filed the pending typewritten Rule 60(b) Motion. (Doc. 159.) On March 24, 2014, the Second Circuit granted a motion that Rheaume had filed to withdraw his appeal with prejudice. (Doc. 160.) Defendants filed their Opposition to Rheaume's Rule 60(b) Motion on March 28, 2014. (Doc. 163.) Rheaume filed a Reply on April 9, 2014. (Doc. 164.)

## Analysis

I. **Rule 60(b)**

Under Rule 60(b) of the Federal Rules of Civil Procedure, a court may, "[o]n motion and just terms . . . relieve a party . . . from a final judgment, order, or proceeding" for certain enumerated reasons. Fed. R. Civ. P. 60(b). In his Motion, Rheaume invokes Rule 60(b)(1), which provides for relief in cases of "mistake, inadvertence, surprise, or excusable neglect." In his Reply, Rheaume cites Rule 60(b)(3), which provides relief in cases of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or

4

misconduct by an opposing party," and he also cites cases applying Rule 60(b)(6), a "catchall" provision which permits a court to provide relief for "any other reason."

"Properly applied Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). "Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Id.* "[B]y itself, the fact that [a] plaintiff is *pro se* does not count as an exceptional circumstance." *Williams v. N.Y.C. Dep't of Corr.*, 219 F.R.D. 78, 85 (S.D.N.Y. 2003). Nevertheless, "the requisite showing seems less stringent for *pro se* litigants." *Sacco v. Matter*, 154 F.R.D. 35, 37 (N.D.N.Y. 1994).

This court has stated that Rule 60(b) "applies only to final, appealable judgments." *Saunders v. Morton*, 269 F.R.D. 387, 401 (D. Vt. 2010). Here, the court's grant of Rheaume's Motion to Dismiss was necessarily entered under Rule 41(a)(2). Since the court's order did not specify otherwise, the dismissal was without prejudice. *See* Fed. R. Civ. P. 41(a)(2). The resulting Judgment is technically not appealable (notwithstanding Rheaume's aborted attempt at appeal). *See Palmieri v. Defaria*, 88 F.3d 136, 140 (2d Cir. 1996) ("'It is well settled that a plaintiff who seeks and receives a voluntary dismissal of his action without prejudice usually cannot maintain or prosecute an appeal from the order of dismissal.'" (quoting *Empire Volkswagen Inc. v. World-Wide Volkswagen Corp.*, 814 F.2d 90, 94 (2d Cir. 1987)).[1] Nevertheless, "a district court has

---

[1] The general rule is subject to an exception: "[C]onditions imposed by the court upon dismissals without prejudice under Fed. R. Civ. P. 41(a)(2) may be appealed by the plaintiff when they prejudice the plaintiff." *In re Union Carbide Corp. Gas Plant Disaster at Bhopal, India in December, 1984*, 809 F.2d 195, 203 (2d Cir. 1987) (citing *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601 (5th Cir. 1976)). The court imposed no such conditions upon the dismissal in this case.

5

the authority under Rule 60(b) to vacate a voluntary dismissal and reopen the case." *United States v. Mt. Vernon Mem'l Estates, Inc.*, 734 F.2d 1230, 1235 (7th Cir. 1984).[2]  I therefore proceed to the Rule 60(b) analysis.

Rheaume has made no allegations that might implicate Rule 60(b)(3). There is no suggestion that Defendants engaged in fraud, misrepresentation, or misconduct. Rheaume's allegations concern the circumstances of his incarceration and his own voluntary conduct. Rule 60(b)(3) does not apply. Neither has Rheaume identified any facts that might support relief under Rule 60(b)(2) (newly discovered evidence), (b)(4) (void judgments), or (b)(5) (satisfied judgments; judgments based on earlier reversed or vacated judgment; or prospective application no longer equitable because of changed circumstances).[3]

As noted above, Rule 60(b)(1) provides for relief from final judgment in cases of "mistake, inadvertence, surprise, or excusable neglect." At least when a party has hired an attorney, courts have held that relief under Rule 60(b)(1) is not available just because the party is, in hindsight, dissatisfied "with choices deliberately made by counsel." *Nemaizer*, 793 F.2d at 62. In particular, "an attorney's failure to evaluate carefully the

---

[2] One possible reason for that conclusion is that a voluntary dismissal without prejudice might constitute a "final proceeding." *See Yesh Music v. Lakewood Church*, 727 F.3d 356, 362–63 (5th Cir. 2013) ("[A] Rule 41(a)(1)(A) voluntary dismissal without prejudice qualifies as a 'final proceeding.'"). Another possible rationale might be that, "[a]lthough a voluntary dismissal without prejudice under Fed. R. Civ. P. 41(a) does not have preclusive effect on later claims, such a dismissal is a final judgment in the sense that it ends the pending action." *Walker v. Dep't of Veterans Affairs*, No. 94 Civ. 5591 (MBM), 1995 WL 625689, at *1 (S.D.N.Y. Oct. 25, 1995) (citation omitted).

[3] "[A] judgment dismissing the action without prejudice . . . do[es] not have 'prospective application' within the meaning of Rule 60(b)(5)." *Manney v. Intergroove Media GMBH*, No. 10 CV 4493(SJF)(WDW), 2014 WL 1224171, at *6 (E.D.N.Y. Mar. 24, 2014).

6

legal consequences of a chosen course of action provides no basis for relief from a judgment." *Id.*

Here, Rheaume has not hired an attorney to represent him; he is representing himself. However, even a *pro se* party is not excused for failing to consult a Federal Rule of Civil Procedure that clearly states the consequences of taking a particular action. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 605 (2d Cir. 2008) ("If Caidor had consulted the Federal Rule of Civil Procedure applicable to Magistrate Judge Peebles's order, it would have informed [him] of the potential waiver of appellate review." (internal quotation marks omitted)); *see also Edwards v. Immigration & Naturalization Serv.*, 59 F.3d 5, 8 (2d Cir. 1995) ("[P]*ro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them."). The consequence of a Rule 41(a)(2) voluntary dismissal is explicitly stated in the Rule: the case is dismissed without prejudice "[u]nless the order states otherwise." Fed. R. Civ. P. 41(a)(2).

Rheaume's voluntary dismissal therefore cannot be attributed to a "mistake, inadvertence, surprise, or excusable neglect." *See Bell v. Hadley*, No. Civ.A. 04-0263-WS-D, 2006 WL 572329, at *1–*2 (S.D. Ala. Mar. 7, 2006) (denying Rule 60(b) relief to *pro se* inmate who sought to revoke his Rule 41(a)(2) voluntary dismissal because he no longer wished to dismiss the suit; inmate's change of mind did not fit within Rule 60(b)(1)). Rheaume's general assertion that his mental health was not the greatest at the time does not alter that conclusion. He now regrets his decision to file the Motion, but that is an insufficient basis for granting Rule 60(b) relief. *See Nemaizer*, 793 F.2d at 62 ("Mere dissatisfaction in hindsight with choices deliberately made by counsel is not

7

grounds for finding the mistake, inadvertence, surprise or excusable neglect necessary to justify Rule 60(b)(1) relief.").

Finally, relief under Rule 60(b)(6) "is only available if Rules 60(b)(1) through (5) do not apply, and if extraordinary circumstances are present or the failure to grant relief would work an extreme hardship on the movant." *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 109 (2d Cir. 2012). This case presents no extreme hardship. Since the dismissal was without prejudice, Rheaume remains free to refile his case.[4] It is true that if Rheaume chooses to refile, he will likely be obligated to begin making payments towards a new filing fee. (*See* Doc. 4) (directing monthly payments to be made from Rheaume's account). That would be a consequence of Rheaume's decision to file his Motion to Dismiss, but it is not an "extreme" hardship.

Neither are the circumstances extraordinary in this case. Rheaume asserts that he was unable to file objections to the R&R because, as a result of his segregation and the emergency lockdown, he had no "access to the courts" or to legal research materials or legal assistance between December 17, 2013 and February 10, 2014. (Doc. 159 at 2.) Prisoners of course have a constitutional right to meaningful access to the courts. *See Grullon v. City of New Haven*, 720 F.3d 133, 142 (2d Cir. 2013) (citing *Lewis v. Casey*,

---

[4] I have considered whether the statute of limitations might present a hurdle for Rheaume if he chose to refile. Vermont's three-year statute of limitations for personal injury—12 V.S.A. § 512(4)—would apply to Rheaume's § 1983 claim. *See Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). Here, even giving Rheaume the benefit of his assertion that he did not learn of his high-risk designation until December 15, 2009, a new filing would fall outside that three-year window. However, this court has held that 12 V.S.A. § 551(a) applies to § 1983 actions and effectively tolls the limitations period during a § 1983 plaintiff's incarceration. *Bain v. Cotton*, No. 2:06 CV 217, 2009 WL 1660051, at *4–*5 (D. Vt. June 12, 2009). Denying Rule 60(b) relief would therefore not appear to deprive Rheaume of an opportunity to pursue the merits of his claim.

518 U.S. 343 (1996) and *Bounds v. Smith*, 430 U.S. 817 (1977)); *Bourdon v. Loughren*, 386 F.3d 88, 92 (2d Cir. 2004). Moreover, a denial of that right could in theory constitute the sort of extraordinary circumstances that would justify relief under Rule 60(b)(6). *See Britford v. Collins*, No. 2:07-cv-306, 2010 WL 1372436, at *2 (S.D. Ohio Mar. 29, 2010) ("An example of an extreme situation [implicating Rule 60(b)(6)] is where a prisoner's fundamental right of access to the courts under the First Amendment has been violated.").

Here, however, any impingement upon Rheaume's right to access the courts would not justify Rule 60(b)(6) relief. It seems unlikely that the reductions in Rheaume's access between December 17, 2013 and February 10, 2014 amounted to a deprivation of constitutional dimensions. Impingements on prisoners' constitutional rights are valid if they are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). Here, Rheaume does not allege that the emergency lockdown was unrelated to legitimate penological interests. Aside from the conclusory assertion that he was placed in administrative segregation for "no apparent reasons," Rheaume offers no details regarding penological interests underlying that action.

In any case, Rheaume's temporarily diminished access to legal resources did not hinder his efforts to pursue his claim. *See Lewis*, 518 U.S. at 351. Indeed, Rheaume concedes that he could have filed a motion for an extension of time rather than a motion to dismiss. *See Jones v. Fed. Bureau of Prisons*, No. 11-CV-4733 (KAM)(MDG), 2013 WL 5300721, at *10 (E.D.N.Y. Sept. 19, 2013) (plaintiff failed to allege actual injury arising from alleged denial of access to courts because he could have "requested an extension of time until he could obtain whatever documents he required"); *Gonzales v.*

9

*Jones*, No. 07 Civ. 2126(LAP), 2010 WL 533856, at *13 (S.D.N.Y. Feb. 11, 2010) (inmate who was unable to comply with deadline because he was in "cell confinement" and lacked access to the law library should have requested an extension of time).

It is unfortunate that, should Rheaume elect to refile his case, there will be some additional delay and expense for both sides—a result that the rules generally seek to avoid. *See* Fed. R. Civ. P. 1 (Rules of federal procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"). But in this case Defendants—by opposing Rheaume's Rule 60(b) Motion—apparently do not object to that possibility. Nor does any potential delay or expense appear to be excessively burdensome or otherwise inconsistent with the consequences of Rheaume's procedural machinations. Moreover, a contrary conclusion might encourage some parties to file voluntary dismissals as strategic ploys for delay or other impermissible purposes. Ultimately, Rheaume has not made a sufficient showing of extraordinary circumstances. *See Bell*, 2006 WL 572329, at *2 (no extraordinary circumstances where inmate sought Rule 60(b) relief from his own Rule 41(a)(2) dismissal without prejudice).

## II.     Rheaume's Request for a "Replacement Copy" of the Case File

Asserting that he threw away the file that he had been keeping regarding this case, (*see* Doc. 155-1), Rheaume previously sought to "borrow" the court's entire file so that he could copy it. (Doc. 155.) The court denied that motion in an Order dated March 5, 2014, stating: "The district court maintains an electronic file only and, as such, there is no file to borrow." (Doc. 157.)

10

Now, in addition to Rule 60(b) relief, Rheaume seeks "a replacement copy of the entire file" in this case. (Doc. 159 at 1.) He says that he "needs a copy of the record to properly prepare his filing in this case[']s future." (*Id.* at 3.) According to Rheaume, he "does not have internet access so he can acquire a copy of this file." (Doc. 159-2 at 1.)

If Rheaume cannot himself access PACER, and is unable to find someone to obtain and deliver copies of the documents he seeks, then he may request copies from the court. However, the electronic record in this case contains many hundreds of pages. The parties' Motions for Summary Judgment (Docs. 129, 134) and attachments alone take up 69 pages. Given that the court's copy fee is $0.50 per page, and given Rheaume's *in forma pauperis* status, (*see* Doc. 3), the cost of copying and mailing the entire record in this case might be prohibitive. *See Benitez v. Mailloux*, No. 9:05-CV-1160 (NAM)(RFT), 2008 WL 4757361, at *4 (N.D.N.Y. Oct. 29, 2008) ("[A] party is required to pay for copies of such documents [materials contained in a court's files] even though he has been found to be indigent under [28 U.S.C. § 1915].").

I therefore direct the Clerk to supply Rheaume with a copy of the current docket sheet in this case. If Rheaume elects to refile, then he may be able to use the docket sheet to narrow his request. If Rheaume presents a sufficiently narrowed request, the court should consider granting a fee exemption.

## **Conclusion**

For the reasons set forth above, I recommend that Rheaume's "Motion for Relief from Judgment and a Replacement Copy of this Civil File Case" (Doc. 159) be DENIED. The Clerk of the court shall mail a copy of the current docket sheet to Rheaume.

Dated at Burlington, in the District of Vermont, this 25th day of April, 2014.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), 6(a), 6(d); L.R. 72(c). Failure to timely file such objections operates as a waiver of the right to appellate review of the District Court's adoption of such Report and Recommendation. *See Fed. R. Civ. P. 72(a); Small v. Sec'y of Health and Human Servs*., 892 F.2d 15, 16 (2d Cir. 1989).